IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MICHAEL LEDCKE, | : | 1:11-cv-2298 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### March 5, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 11), filed on February 3, 2012, which recommends that this action be dismissed without further leave to amend. Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[1]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by February 21, 2012.

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **DISCUSSION**

*Pro se* Plaintiff Shawn Ledcke ("Plaintiff" or "Ledcke") brings this civil rights action against Sheriff John Symanzki, Warden Robert McMillian, the Lackawanna County Sheriff Department, and the Pennsylvania Department of Corrections ( collectively "Defendants") for failure to respond to Ledcke's requests

for information pursuant to Freedom of Information and Privacy Acts[2] and the Pennsylvania Right to Know Act.  (Doc. 9).  The operative pleading in this matter is the amended complaint, as Plaintiff's original complaint was dismissed without prejudice to the Plaintiff for failure to state a claim.[3] (Doc. 10).

Within the R&R, Magistrate Judge Carlson screened the complaint pursuant to 28 U.S.C. § 1915A, and determined that Plaintiff's amended complaint fails to state a claim upon which relief can be granted in regards to both the federal and state claims.  With respect to the federal claims, Magistrate Judge Carlson concludes that: 1) Ledcke's pleading violates the foundational Federal Rules of Civil Procedure by requesting this Court to compel broad discovery for claim that has yet to be filed; 2) the Freedom of Information and Privacy Acts, which Ledcke argues compel a response from Defendants, have long been interpreted as not requiring state or local agencies to maintain or produce records; and  3) receiving permission to proceed *in forma pauperis* does not grant Plaintiff access to free discovery without an underlying claim.

---

[2] Ledcke's amended complaint refers to the Acts by the acronym "FOI/PA" and by their codification within the U.S. Code, 5 U.S.C. §§ 551-552a.

[3] It should be noted that Plaintiff requested and was granted the right to proceed *in forma pauperis.*

With respect to the state claims, Magistrate Judge Carlson opines that they cannot be maintained in federal court since no independent basis for asserting jurisdiction in federal court exists.  In making this determination, Magistrate Judge Carlson sets forth the following three reasons: 1) Pennsylvania's Right-to-Know Act prescribes that the appropriate and exclusive remedy for a failure to produce records is to appeal the denial in state court; 2) federal courts have repeatedly held that the Eleventh Amendment to the United States Constitution precludes persons from pursuing claims against state agencies and officials under Pennsylvania's Right-to-Know law; and 3) Ledcke's claim cannot rely upon diversity of citizenship as a means to maintain suit in the federal courts because he fails to meet the 28 U.S.C. § 1332(a)(1) amount-in-controversy threshold of $75,000.

Magistrate Judge Carlson recommends, consistent with the precedent of *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004), that this Court dismiss Plaintiff's claim without further leave to amend, because granting Ledcke leave to amend his complaint a second time would "be futile or result in undue delay." *Alston*, 363 F.3d at 235.  Although we acknowledge that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, we accept the Magistrate Judge's recommendation, recognizing the need to limit successive, futile amended complaints in the interest of judicial economy.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.